IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | |
| ) | CIVIL ACTION NO. |
| v. ) ) | |
| STRUCTURAL CONTRACTING SERVICES, INC., ) ) ) | COMPLAINT JURY TRIAL DEMAMDED |
| Defendant. ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and retaliation and to provide appropriate relief to Uton Ferguson who was adversely affected by such practices. As set forth with greater particularity in paragraph seven (7), Uton Ferguson was harassed because of his race (Black) and terminated or deprived employment opportunities in retaliation for complaining about the harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3). ("Title VII"). This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being

committed within the jurisdiction of the United States District Court for Southern District Court of New York.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission ("the Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1), 42 U.S.C. §2000e-5(f)(1).

4. At all relevant times, Structural Contracting Services, Inc. ("Structural") has continuously been a New York corporation doing business in the state of New York and the City of Mount Vernon, and has continuously had at least fifteen employees.

5. At all relevant times, Structural has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e-(b),(g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit Ferguson filed a charge of discrimination with the Commission alleging violations of Title VII. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least January 22, 2007, Structural engaged in unlawful employment practices at its Mt. Vernon New York location in violation of Section Sections 703(a) and 704 of Title VII, 42 U.S.C. §§ 2000e-2(a) and 2000e-3 in the following manner:

    a. Defendant's Foreman Rocco Bochicchio who is White made racially derogatory remarks in the workplace such as using the term "nigger" and calling one person "curry

boy."

    b.    Ferguson is Black and worked as a laborer for Structural from 2002 through approximately January 22, 2009.

    c.    On or about January 22, 2007, while Ferguson was working at a site in Mount Vernon, Foreman Bochicchio called Ferguson "Nigger" and "stupid" and made another racial comment about Ferguson. Ferguson complained to Bochicchio that he was offended by these racial insults.

    d.    The following day Ferguson returned to the job site to continue working. He was not permitted to work and was told to leave the site.

    e.    Ferguson went to the main office and complained to Structural's owners about Bochicchio's racial insults.

    f.    In the following days Ferguson repeatedly returned to the job site seeking to resume work. He was not allowed to resume work at that site and was never again given any work by Structural.

8.    The effect of the practices complained of above in paragraph seven (7) has been to deprive Uton Ferguson of equal employment opportunities, and otherwise adversely affect his status as an employee because or his race (Black) and because he complained about racial harassment.

9.    The aggrieved employee suffered physical and emotional pain, including but not limited to mental anguish, humiliation, embarrassment, inconvenience and loss of enjoyment of life as the result of the unlawful employment practice complained of above in paragraph seven (7).

10. The unlawful employment practices complained of above in paragraph seven (7) were intentional.

11. The unlawful employment practices complained of above in paragraph seven (7) were done with malice and/or reckless indifference to the federally protected rights of Black workers.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Structural, its officers, successors assigns and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of race (Black) and retaliation.

B. Order Structural to institute and carry out policies, practices and programs which provide equal employment opportunities for Blacks and employees who complain about discrimination, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Structural to make whole Uton Ferguson who was adversely affected by the unlawful employment practices described above, by providing appropriate backpay with prejudgment interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place reinstatement of Uton Ferguson.

D. Order Structural to make whole Uton Ferguson who was adversely affected by the unlawful employment practices described above by providing compensation for past and future pecuniary losses, including medical expenses.

      E.      Order Structural to make whole Uton Ferguson who was adversely affected by the unlawful employment practices described above by providing compensation for non-pecuniary losses, including pain and suffering and humiliation.

      F.      Order Structural to pay punitive damages to Uton Ferguson who was adversely affected by the unlawful employment practices described above for its malicious and/or reckless conduct.

      G.      Grant such further relief as the Court deems necessary and proper.

      H.      Award the Commission its costs in this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 30, 2009
New York, New York

Respectfully submitted,

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, N.E.
Washington, D.C. 20507

_____
Elizabeth Grossman
Regional Attorney
elizabeth.grossman@eeoc.gov

_____
Nora E. Curtin
Supervisory Trial Attorney
nora.curtin@eeoc.gov

_____
Louis Graziano
Trial Attorney
Louis.Graziano@eeoc.gov
Equal Employment Opportunity Commission
New York District Office
33 Whitehall St. 5th Fl.
New York NY 10004
212-336-3698
212-336-3623 (Fax)
louis.graziano@eeoc.gov